IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-448-D
No. 5:25-CV-171-D

| | | |
|---|---|---|
| FURMAN ALEXANDER FORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 24, 2025, Furman Alexander Ford ("Ford" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and 204-month sentence [D.E. 200] and filed a memorandum in support [D.E. 200-1]. On March 30, 2026, the United States moved to dismiss Ford's petition for failure to state a claim upon which relief can be granted [D.E. 207] and filed a memorandum in support [D.E. 208]. See Fed. R. Civ. P. 12(b)(6). On March 31, 2026, the court notified Ford of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 209]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 20, 2026, Ford responded in opposition to the United States's motion to dismiss [D.E. 210] and moved for appointment of counsel and an evidentiary hearing. See id. As explained below, the court grants the United States's motion to dismiss, dismisses Ford's motion to vacate, and denies Ford's motions to appoint counsel and for an evidentiary hearing.

I.

On October 8, 2020, a federal grand jury in this district indicted Ford and charged him with conspiring to commit healthcare fraud (count one), healthcare fraud and aiding and abetting (count

two), wire fraud and aiding and abetting (counts three through twelve), and aggravated identity theft and aiding and abetting (counts thirteen through twenty-two). See [D.E. 1] 1–11.

Ford represented himself at trial. See [D.E. 53–55]. A jury found him guilty on each count. See [D.E. 121, 125–26, 131–32, 134, 136].

On March 30, 2023, the court sentenced Ford to 204 months' imprisonment. See [D.E. 173–74]. Ford appealed. See [D.E. 176]. On April 15, 2024, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Ford, No. 23-4276, 2024 WL 1616386, at *1 (4th Cir. Apr. 15, 2024) (per curiam) (unpublished). In affirming, the Fourth Circuit rejected Ford's arguments about the evidence sufficiency and that the United States violated Napue v. Illinois, 360 U.S. 264 (1959), by presenting false testimony or failing to correct false testimony. See id. at *1–2.

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid.

2

201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993); Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970) (per curiam). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Ford again contends that the United States presented false testimony or failed to correct false testimony at trial. See [D.E. 200-1] 1–10. Absent a change in governing law about the claim, Ford cannot use section 2255 to raise a claim that he brought and lost on direct appeal. See, e.g., Davis v. United States, 417 U.S. 333, 342 (1974); Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam); Stanford v. United States, No. 5:09-CR-202, 2014 WL 2157440, at *3 (E.D.N.C. May 23, 2014) (unpublished), appeal dismissed, 585 F. App'x 43 (4th Cir. 2014) (per curiam) (unpublished). There has not been a change in governing law about Ford's claim. Thus, the claim fails.

Alternatively, Ford could have brought the claim on direct appeal and failed to do so. Generally, section 2255 bars a petitioner from raising a claim that he failed to raise on direct appeal. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001), abrogated on other grounds by Clay v. United States, 537 U.S. 522 (2003). To avoid procedural default, Ford must plausibly allege "actual innocence" or "cause and prejudice" resulting from an alleged error about which he now complains. See Bousley, 523

3

U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Ford has not plausibly alleged actual innocence or cause and prejudice resulting from the alleged testimony. Thus, his claim is procedurally defaulted.

After reviewing the claim presented in Ford's motion, the court finds that reasonable jurists would not find the treatment of Ford's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 207], DISMISSES petitioner's motion to vacate [D.E. 200], DENIES petitioner's other motions [D.E. 210], and DENIES a certificate of appealability.

SO ORDERED. This 23 day of April, 2026.

JAMES C. DEVER III
United States District Judge